UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ALBERT'S DIAMOND JEWELERS, INC., <br><br> Plaintiff, <br><br> v. <br><br> AALAND DIAMOND JEWELERS LLC, <br><br> Defendant. | Case No. 2:23-CV-39 JD |

**OPINION AND ORDER**

Plaintiff Albert's Diamond Jewelers brought suit against AaLand Diamond Jewelers alleging two counts of trademark infringement and unfair competition. AaLand has moved to bifurcate the issues of liability and damages for both discovery and trial. The Court finds AaLand has not met its burden to show bifurcation is appropriate in this case. AaLand's allegations of prejudice and inefficiency are generic and vague; ultimately, they are insufficient to convince the Court that bifurcation is justified in this case.

A. **Standard**

"Under Federal Rule of Civil Procedure 42(b), the Court has considerable discretion to decide claims or issues in separate trials for convenience, to avoid prejudice, or to expedite and economize." *Williams v. City of Chicago*, 315 F. Supp. 3d 1060, 1080 (N.D. Ill. 2018) (internal citations omitted). "Bifurcation may be appropriate if one or more of the Rule 42(b) criteria is met, as long as bifurcation will not prejudice the non-moving party or violate the Seventh Amendment." *Id.* Rule 42(b) allows a court to bifurcate trials "for convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). The district court has

considerable discretion in deciding whether to bifurcate claims. *Volkman v. Ryker,* 736 F.3d 1084, 1089 (7th Cir. 2013). The moving party has the burden to show bifurcation is proper. *See Toney v. Accor N. Am.*, No. 2:07-CV-307, 2010 WL 2162626, at *1 (N.D. Ind. May 27, 2010). Bifurcation is the exception, not the rule. *See Real v. Bunn-O-Matic Corp.*, 195 F.R.D. 618, 620 (N.D. Ill. 2000). A court should order separate trials only in extenuating circumstances. *See id.* at 621.

### B. Facts

Albert's and AaLand are competing diamond and jewelry retailers in the Northwest Indiana region. On February 1, 2023, Albert's filed a complaint alleging AaLand had infringed its trademark and engaged in unfair competition practices under federal and Indiana law. (DE 1.) In short, Albert's alleges AaLand infringed by using a logo similar to Albert's common law trademarked logo. AaLand answered the complaint and denied infringement. (DE 16.) The parties conducted a Rule 26(f) planning meeting, in which they agreed trial would take about five days. (DE 18.) The parties also attended a Rule 16 preliminary pretrial conference and agreed on a discovery plan covering all topics that would be presented at trial. (DE 19.)  On June 2, 2023, AaLand moved to bifurcate the trial, first resolving liability and then conducting a trial on damages. The motion is now ripe for decision.

### C. Discussion

The Court begins by addressing whether bifurcating the issue of liability from damages would be more efficient then turns to the issue of prejudice. AaLand has not convinced the Court on either front, and so the motion to bifurcate is denied.

*(1) Efficiency*

AaLand argues the issue of damages should be bifurcated from liability. In support of this argument, AaLand states that resolving the issue of damages will require voluminous discovery, presenting the damages issue at trial will be needlessly complex and will require expert testimony, and AaLand may prevail on the issue of liability. The Court has considered these arguments and does not find them persuasive because this case is no more complex than those of its kind, AaLand has not made a showing it is likely to prevail, and bifurcation may create its own inefficiencies as the issues of liability and damages are potentially intertwined.

First, the Court finds AaLand has not shown this case, especially the damages element, is inordinately complex. AaLand states that damages discovery will require separate evidence and the likely involvement of experts. But this is true of nearly every lawsuit that contemplates damages, and most suits are not bifurcated. *See BASF Catalysts LLC v. Aristo*, Inc., No. 2:07-CV-222, 2009 WL 523123, at*4 (N.D. Ind. Mar. 2, 2009) ("Although [defendant] is correct that damages discovery is wasted effort if no liability is found, this applies equally to all liability-based litigation and is not a convincing argument on a straightforward patent infringement claim such as presented here.") Here, "although Defendant claims that complex damages calculations may be involved, there is no evidence to suggest that this computation is more unusual, complex, or complicated than the average" case of this kind. *Real*, 195 F.R.D. at 622 (denying motion to bifurcate in patent infringement case). The Court is not convinced this sort of routine damages evidence presents a special case justifying bifurcation. Further, though AaLand argues that this

case is complex because the parties have very long histories in business,[1] it seems to the Court that matter touches on both liability and damages and therefore could not be avoided by bifurcation. If a case is unavoidably "arduous no matter if the parties attempt to focus on only one alleged discrete issue first… overall case management tends to suffer too greatly for bifurcated discovery to produce the efficiencies touted by its proponents." *Dean v. Pfizer, Inc.*, No. 4:19-CV-204, 2020 WL 12032895, at *2 (S.D. Ind. Dec. 9, 2020). Here, the burden is not unusual, and it does not seem likely it could be significantly reduced by bifurcation. AaLand has not shown the burden of the damages issue is disproportionate or that the entire case is unusually complex, so the Court does not find efficiency weighs in favor of bifurcation.

Instead, the Court is concerned bifurcation may reduce the overall efficiency of the case because the issues of liability and damages require much of the same evidence and are not easily severable, which may lead to discovery disputes. This case presents several concerns about the intersection of liability and damages evidence. Overlapping issues between the damages and liabilities phases of a trial weigh in favor of a single trial. *Real*, 195 F.R.D. at 624. The question of when any infringement began is central to this case, weighs on both liability and damages, and will likely require much of the same testimony and evidence. Further, Albert's has alleged a willful violation, which is "inextricably bound" to both liability and damages. *See Keyes Fibre Co. v. Packaging Corp. of Am.*, 763 F. Supp. 374, 375 (N.D. Ill. 1991). As sister courts have noted, "[a]lthough there may be some theoretical economies to bifurcating proceedings, we doubt that they will be realized here. Liability and damages cannot be easily

---

[1] In support of its contention that resolving the issue of damages will require voluminous discovery, AaLand cites that each party has been in business for decades, requiring discovery into the adoption of the mark from its inception. Albert's disputes that the relevant time period for this lawsuit is the entire business history of either party.

compartmentalized." *Philips Med. Sys. (Cleveland), Inc. v. Buan*, No. 1:19-CV-2648, 2021 WL 5447034, at *3 (N.D. Ill. Nov. 22, 2021). "[C]ourts in this district have repeatedly held that bifurcation in similar cases was inappropriate because issues of liability and willfulness/damages do overlap." *Trading Techs. Int'l, Inc. v. eSpeed, Inc.*, 431 F. Supp. 2d 834, 841 (N.D. Ill. 2006) (addressing overlap in patent infringement case in sister court). Albert's contends that AaLand adopted the mark intentionally, with the purpose of diverting sales from Albert's. One can easily see how testimony of a willful violation or infringement might be relevant to both liability and damages. In a hypothetical case, one might imagine a slam-dunk witness testifying that an infringer adopted a logo for the express purpose of confusing the customer; this testimony would be relevant to both proving liability (as it might refute a fair use defense, *see SportFuel, Inc. v. PepsiCo, Inc.*, 932 F.3d 589, 601–02 (7th Cir. 2019)) and damages. *See Romag Fasteners, Inc v. Fossil, Inc.*, 140 S. Ct. 1492, 1494, 206 L. Ed. 2d 672 (2020) ("A district court may award a winning plaintiff [under the Lanham Act] injunctive relief, damages, or the defendant's ill-gotten profits. Without question, a defendant's state of mind may have a bearing on what relief a plaintiff should receive."). It would be duplicative and needlessly time-consuming to depose the witness twice or hear the same testimony at two trials. This hypothetical represents just one of numerous scenarios wherein evidence would be relevant to both issues. Therefore, it seems to the Court that handling all the evidence in a single discovery period and a single trial will best economize the presentation of the evidence and ultimate resolution of this case.

  Moreover, given the dual relevance of some evidence, the Court is concerned bifurcation may lead to increased discovery disputes. Where there is no clear dividing line between evidence relevant to the issue adjudicated in the first trial and that reserved for the later trial, discovery disputes may arise. The parties are likely to take different views of the relevance of the evidence,

and these disputes must be sorted out at some cost. *See Dean*, 2020 WL 12032895, at *3. The Court expects bifurcation "would result in more contentiousness in the discovery process, forcing the Court to review discovery requests to determine which issue is applicable." *BASF Catalysts*, 2009 WL 523123, at *4. This would not increase efficiency or aid in the speedy adjudication of this trial, and so the Court finds the potential proliferation of discovery disputes weighs against bifurcation.

Finally, AaLand has not shown it so likely to be successful on the merits of liability that avoiding a second trial on damages is even reasonably assured. In considering a motion to bifurcate, the Court considers the "likelihood that a finding of no liability will actually occur: where the movant can make a prima facie showing of success, this Court is more likely to grant bifurcation in the interests of judicial economy." *Fetzer v. Wal-Mart Stores, Inc.*, No. 13-CV-9312, 2016 WL 6833912, at *3 (N.D. Ill. Nov. 21, 2016). This is because if the defendant is verily likely to succeed on the merits, gains to efficiency may actually be realized by avoiding the second trial. "It is not enough to assert an indefinite possibility that one will succeed — one must actually give the Court enough to determine the likelihood of success." *Ortega v. United States*, No. 16-CV-5475, 2017 WL 3841632, at *2 (N.D. Ill. Aug. 31, 2017). AaLand argues Albert's is unlikely to prevail because damages are only awarded in very few Langham Act cases; this argument makes little sense to the Court. *See Texas Roadhouse, Inc. v. Texas Corral Restaurants, Inc.*, No. 2:16-CV-28, 2017 WL 24170861, at *1–2 (N.D. Ind. June 5, 2017) (declining to bifurcate despite identical argument). In support of this argument, AaLand cites a study finding "only 5.5% of cases awarded any damages at all." *See* Kenneth L. Port, *Trademark Extortion: The End of Trademark Law*, 65 Wash. & Lee L. Rev. 585, 622 (2008). But that scholarly article does not stand for the proposition that 94.5% of cases would cease after the

liability phase; indeed, the same article notes "51% of all cases found infringement." *See id.* So, on a purely statistical basis, it is actually more likely than not two trials would be conducted if the instant case was bifurcated. Other than this failed argument, AaLand offers only a tepid assessment of its case, writing, "there is a probability defendant will prevail on infringement issues." (DE 26 at 2.) "A probability" is not enough to assure the Court that it could reasonably anticipate bifurcation will save time and streamline procedures rather than needlessly complicating the resolution of this case. At this juncture, the Court knows very little about the case, and AaLand has not shown that Albert's case is frivolous or for some other reason very unlikely to succeed. *See Fetzer*, 2016 WL 6833912, at *4 (success on the merits did not weigh in favor of bifurcation because the court "cannot accurately forecast the likely victor of these debates [on the success of liability] from paper alone" and the defendant could not demonstrate any likelihood of success). For the above reasons, efficiency does not favor bifurcation.

### (2) Prejudice

The Court must also consider the prejudice to both parties: whether AaLand would be prejudiced by failing to bifurcate the trial, and whether Albert's would be prejudiced by the alternative. *See Krocka v. City of Chicago*, 203 F.3d 507, 516 (7th Cir. 2000). The prejudice to Albert's appears obvious to this Court. If liability and damages were bifurcated, a zealous defense attorney is likely to argue some evidence is not relevant to stage one discovery and therefore should not be produced until liability is determined; potentially in that group are documents that plaintiff's counsel would find probative of liability. Counsel may be forced to engage in time consuming discovery disputes (as noted above) to obtain material they otherwise would be entitled to as a matter of right. *See Patterson v. Avery Dennison Corp.*, 281 F.3d 676,

681 (7th Cir. 2002) ("there is a strong public policy in favor of disclosure of relevant materials" and there is a "societ[al] interest in furthering the truth-seeking function in the particular case before the court"). Further, bifurcation may delay the full adjudication of plaintiff's claims, especially if two trials ultimately take place. *See OrthoPediatrics Corp. v. WishBone Med., Inc.*, No. 3:20-CV-929, 2023 WL 4926913, at *3 (N.D. Ind. July 31, 2023) (denying motion to bifurcate). In contrast, the prejudice to AaLand if the trial is not bifurcated is comparatively minimal. AaLand argues the damages issue will absorb valuable time and is likely to confuse the jury. First, the Court notes the parties have agreed trial is likely to take 5 days in this matter, which does not appear to be an inordinate amount of time. It seems, then, that a trial contemplating both liability and damages can take place without an excessive drain on the Court's resources. *See Texas Roadhouse*, 2017 WL 2417086, at *2 ("Plaintiffs also note that the parties already agreed that trial in this matter would only take eight days, even absent bifurcation. These points would tend to mitigate the prejudice to Defendants"). Second, juries in this district regularly decide complex damages issues without difficulty, and AaLand has presented no evidence that this case is significantly more complex than others of its kind. *See DSM Desotech Inc. v. 3D Sys. Corp.*, No. 08-CV-1531, 2008 WL 4812440, at *6 (N.D. Ill. Oct. 28, 2008) (differentiating standard patent case from that where bifurcation was warranted, noting the latter contained two patents, six claims, fifteen products, six defendants, and thousands of documents written in languages other than English and located outside the United States). The Court assumes the competency of the jury and has faith that its ability to tailor instructions and verdict forms will sufficiently guide the jury and avoid confusion. *See Real*, 195 F.R.D. at 621. Therefore, the Court finds the prejudice inquiry weighs in favor of denying bifurcation.

**D. Conclusion**

For the reasons stated above, the Court denies the motion to bifurcate (DE 25).

SO ORDERED.

ENTERED: September 27, 2023

                                                        /s/ JON E. DEGUILIO  
                                                        Judge  
                                                        United States District Court